UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. RUBANG, JR., | No. 2:16-cv-0030-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| UNITED STATES OF AMERICA, et al. | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

INTRODUCTION

Presently pending before the court is defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 8(a)(1), 8(a)(2), and 12(b)(5). (ECF No. 8.) Plaintiff has opposed the motion (ECF No. 9) and defendants filed a reply brief. (ECF No. 11.) At the March 24, 2016 hearing on the motion, plaintiff appeared representing himself, and attorney Bobbie Montoya appeared on behalf of defendants. After carefully considering the parties' written briefing, the oral argument, the court's record, and the applicable law, the court recommends that the motion be GRANTED without leave to amend.

BACKGROUND

Plaintiff's complaint is sparse and at times difficult to comprehend. Liberally construed, the complaint alleges that plaintiff was a mechanic employed by United Airlines at its facilities in

1  San Francisco. (ECF No. 1-1.) According to plaintiff, in January 2009, he filed a charge with the
2  Equal Employment Opportunity Commission ("EEOC") alleging that he was refused disability
3  retirement by United Airlines during the summer of 2008 in violation of the Americans with
4  Disabilities Act ("ADA"). (Id.) Plaintiff claims that the EEOC, including its staff in San
5  Francisco and Washington, D.C., negligently processed and denied his administrative charge in
6  May of 2009. (Id.) It appears that the EEOC informed plaintiff that the EEOC did not find
7  plaintiff's limitations to be substantial enough to be considered a disability under the ADA, and
8  that plaintiff was therefore not deemed to be disabled for purposes of the ADA. (Id.; see also
9  ECF No. 9 at 3.) However, plaintiff alleges that the EEOC around the same time inconsistently
10 found that plaintiff had been covered by the ADA in another multiple-plaintiff action involving
11 the denial of overtime pay from 1998-2003, which was allegedly settled in the summer of 2009.
12 (ECF No. 1-1.)[1] Plaintiff asserts a negligence claim and seeks $1,000,000.00 in damages against
13 the EEOC and several current and former employees of the EEOC—Constance Barker, Michael
14 Baldonado, William Tamayo, Malinda Tuazon, Edward Gomez, and Michael Dougherty. (Id.)
15    Plaintiff's action was originally filed in the Solano County Superior Court, and was then
16 removed to this court by defendants on January 5, 2016. (ECF No. 1.) Contemporaneous with
17 the filing of the notice of removal, the United States also filed a notice of substitution and
18 certification of scope of federal employment, certifying that the current and former EEOC
19 employees named as defendants were acting within the scope of their employment at the time of
20 the incident(s) out of which this suit arose, and substituting the United States as the party
21 defendant in lieu of such EEOC employees. (ECF Nos. 1-2, 1-3.) See 28 U.S.C. § 2679(d)(1).[2]

---

[1] According to a March 24, 2010 letter from the EEOC attached to plaintiff's opposition to the motion to dismiss, there was apparently a settlement in that multiple-plaintiff action, which involved claims that the plaintiffs, including plaintiff here, were denied overtime while on light/limited duty because of a disability. (ECF No. 9 at 4.)

[2] 28 U.S.C. § 2679(d)(1) provides that: "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

Subsequently, after obtaining an extension of time to respond to plaintiff's complaint (ECF No. 7), the United States and the EEOC filed the instant motion to dismiss. (ECF No. 8.)

DISCUSSION

As an initial matter, defendants contend that the court lacks subject matter jurisdiction over plaintiff's claims, and that the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). That argument has merit and is dispositive of the case.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (internal citations omitted). "Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. The Supreme Court has frequently held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations and punctuation marks omitted). "The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants." Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

The Federal Tort Claims Act ("FTCA") "waives the sovereign immunity of the United States for certain torts committed by federal employees under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Vacek, 447 F.3d at 1250; 28 U.S.C. § 1346(b). However, under the FTCA:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the

> option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Furthermore, an action under the FTCA:

> shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…." 28 U.S.C. § 2401(b). The requirement that a claimant first exhaust administrative remedies by filing a claim with the appropriate federal agency "is jurisdictional in nature and must be interpreted strictly." Vacek, 447 F.3d at 1250.[3]

In this case, although plaintiff alleges that he filed an administrative charge with the EEOC regarding United Airlines' purported misconduct,[4] plaintiff has not alleged that he filed an administrative claim with the EEOC based on the purported negligence of the EEOC and its employees, let alone that the administrative claim was for a sum of at least the $1,000,000.00 in damages sought in this action. At the hearing, plaintiff tacitly conceded that no such administrative claim was filed, stating that he was unaware of that legal requirement. Thus, because plaintiff has failed to exhaust his administrative remedies, and because the claim presentation requirement is jurisdictional, plaintiff's claim against the United States is subject to dismissal for lack of subject matter jurisdiction.

---

[3] In United States v. Wong, 135 S. Ct. 1625 (2015), the United States Supreme Court recently held that 28 U.S.C. § 2401(b) is a procedural, and not jurisdictional, time bar, which may be equitably tolled in an appropriate case. However, Wong did not disturb well-established precedent holding that the FTCA's administrative exhaustion requirement itself (i.e., presentation of the claim), as outlined in 28 U.S.C. § 2675(a), is jurisdictional. See, e.g., Bhatnagar v. United States, 2015 WL 4760386, at *5 (N.D. Cal. Aug. 12, 2015) (distinguishing section 2675(a)'s jurisdictional requirement from section 2401(b)'s non-jurisdictional statute of limitations).

[4] Plaintiff does not assert any claims against United Airlines in this action, and at the hearing, plaintiff indicated that a separate lawsuit against United Airlines remains pending.

4

Furthermore, even if plaintiff could somehow cure the administrative exhaustion defect, plaintiff's claim against the United States would still be barred by the discretionary function exception to the FTCA. "The discretionary function exception covers any FTCA claims 'based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" Sabow v. United States, 93 F.3d 1445, 1451 (9th Cir. 1996) (citing 28 U.S.C. § 2680(a)). As the Ninth Circuit Court of Appeals has explained:

> The Supreme Court has created a two-step test for courts that governs the applicability of this exception. The first step is to determine whether a federal statute, regulation, or policy mandated a specific course of action, or whether the government actor retained an element of judgment or choice with respect to carrying out the challenged action. If the government action did involve choice or judgment, the second step is to determine whether that judgment is of the kind that the discretionary function exception was designed to shield, namely, only governmental actions and decisions based on considerations of public policy. If the challenged action or omission satisfies these two prongs, the government is immune from suit based on that action or omission-- and federal courts lack subject matter jurisdiction--even if that action or omission constituted an abuse of discretion or was a wrong choice under the circumstances.

Bailey v. United States, 623 F.3d 855, 860 (9th Cir. 2010).

Here, the discretionary function exception plainly applies to the EEOC's processing and adjudication of plaintiff's administrative charge against United Airlines. With respect to the first step, the applicable statute, 42 U.S.C. § 2000e-5 requires the EEOC, *inter alia*, to investigate charges by aggrieved persons and determine whether there is reasonable cause to believe that the charge is true. It does not mandate a specific course of action or dictate a specific result, and the EEOC instead retains a strong element of judgment with respect to investigating and adjudicating such charges. As to the second step, that type of judgment and discretion is undoubtedly of the kind that the discretionary function exception was designed to shield. In investigating and adjudicating administrative charges, the EEOC frequently has to make difficult decisions regarding credibility, sufficiency of evidence, and apportionment of limited resources. Claimants are unsurprisingly disappointed when the EEOC dismisses their charges, and permitting claims by dissatisfied claimants against the EEOC would no doubt result in a deluge of litigation by

5

claimants second-guessing the EEOC's judgment in their cases.  Nothing in the statutory scheme involved suggests that Congress intended such a result.[5]  See, e.g., Martinez v. United States, 192 Fed. App'x 839, 841-42 (11th Cir. 2006) (observing that "[t]he EEOC's function of processing a charge of discrimination is the kind of administrative decisionmaking that Congress intended to shield from tort liability" by virtue of the discretionary function exception).

Consequently, in light of the above analysis, the discretionary function exception applies, and the court lacks subject matter jurisdiction over plaintiff's claim against the United States, even if administrative remedies with respect to that claim had been exhausted.

Finally, the court also lacks subject matter jurisdiction over plaintiff's claim against the EEOC as an agency of the United States.  "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.  Although such claims can arise from the acts or omissions of United States agencies, an agency itself cannot be sued under the FTCA."  FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) (dismissing tort claims against the Federal Deposit Insurance Corporation for lack of subject matter jurisdiction).

In sum, the court is cognizant of plaintiff's frustration and dissatisfaction with the EEOC's processing of his charge, and is sympathetic to the difficulties faced by *pro se* litigants in litigating their cases under the constraints and requirements of complex statutes in federal court.  Nevertheless, binding law compels the conclusion that the court lacks subject matter jurisdiction over plaintiff's claims against the United States and the EEOC.  As such, the court finds it unnecessary to reach defendants' arguments regarding alternative grounds for dismissal.  Ordinarily, especially in light of plaintiff's *pro se* status, the court would be inclined to grant plaintiff an opportunity to amend his complaint.  However, in this case, plaintiff is unable to cure the jurisdictional deficiencies identified above, and granting leave to amend would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

---

[5] Moreover, the court notes that claimants whose charges have been dismissed are not without a remedy against the alleged offending party—upon dismissal of a charge, the EEOC issues what is commonly known as a Notice-of-Right-to-Sue letter, which authorizes the claimant to file a lawsuit in court.  See 42 U.S.C. § 2000e-5(f)(1).  Indeed, as noted above, plaintiff represented at the hearing that a separate lawsuit against the alleged offending party, United Airlines, remains pending.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 8) be GRANTED without leave to amend.
2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that:

1. The May 5, 2016 initial scheduling conference is VACATED. If necessary, the court will reschedule the date of that conference at a later juncture.
2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations. Except for objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: March 25, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE